# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| V. | ) | |
| | ) | Docket No. 21-cr-40010-TSH |
| ALAN JOSEPH | ) | |
| | ) | |
| Defendant | ) | |

## GOVERNMENT'S FIRST REQUEST FOR JURY INSTRUCTIONS

Now comes the United States, through undersigned counsel, and pursuant to Rule 30 of the Federal Rules of Criminal Procedure and the Court's pre-trial order, submits the attached jury instructions. The government requests that the Court instruct the jury in accordance with the proposed instructions, in addition to its usual instructions in criminal cases. The government reserves its right to supplement or modify these requested instructions in light of the requests, if any, filed by the defendant and the evidence in the case.

Respectfully submitted,

RACHAEL S. ROLLINS
United States Attorney

By:    */s/ John T. Mulcahy*
       JOHN T. MULCAHY
       LINDSEY WEINSTEIN
       Assistant United States Attorneys
       United States Attorney's Office
       One Courthouse Way, Suite 9200
       Boston, Massachusetts 02210

**DUTY OF THE JURY TO FIND FACTS AND FOLLOW LAW**

It is your duty to find the facts from all the evidence admitted in this case. To those facts you must apply the law as I give it to you. The determination of the law is my duty as the presiding judge in this court. It is your duty to apply the law exactly as I give it to you, whether you agree with it or not. You must not be influenced by any personal likes or dislikes, prejudices or sympathy. That means that you must decide the case solely on the evidence before you and according to the law. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions, or into anything I may have said or done, any suggestions by me as to what verdict you should return—that is a matter entirely for you to decide.

[*See* Judge Nancy Torresen's 2019 Revisions to Pattern Criminal Jury Instructions for the District Courts of the First Circuit, District of Maine Internet Site Edition, § 3.01]

## PRESUMPTION OF INNOCENCE; PROOF BEYOND A REASONABLE DOUBT

It is a cardinal principle of our system of justice that every person accused of a crime is presumed to be innocent unless and until his guilt is established beyond a reasonable doubt. The presumption is not a mere formality. It is a matter of the most important substance. The presumption of innocence alone may be sufficient to raise a reasonable doubt and to require the acquittal of a defendant. The defendant before you, Julio Rivera, has the benefit of that presumption throughout the trial, and you are not to convict him of any crime charged unless you are persuaded of his guilt of that charge beyond a reasonable doubt.

The presumption of innocence until proven guilty means that the burden of proof is always on the government to satisfy you that the defendant is guilty of the crime with which he is charged beyond a reasonable doubt. The law does not require that the government prove guilt beyond all possible doubt; proof beyond a reasonable doubt is sufficient to convict. This burden never shifts to the defendant. It is always the government's burden to prove each of the elements of the crime charged beyond a reasonable doubt by the evidence and the reasonable inferences to be drawn from that evidence. The defendant has the right to rely upon the failure or inability of the government to establish beyond a reasonable doubt any essential element of the crimes charged against him.

If, after fair and impartial consideration of all the evidence, you have a reasonable doubt as to the defendant's guilt of a particular crime, it is your duty to find him not guilty of that crime. On the other hand, if after fair and impartial consideration of all the evidence, you are satisfied beyond a reasonable doubt of the defendant's guilt of a particular crime, you should find him guilty of that crime.

[See Judge Nancy Torresen's 2019 Revisions to Pattern Criminal Jury Instructions for the District Courts of the First Circuit, District of Maine Internet Site Edition, § 3.02]

**NATURE OF INDICTMENT – PRESUMPTION OF INNOCENCE**

This criminal case has been brought by the United States government. I will sometimes refer to the government as the prosecution.  The government is represented at this trial by Assistant United States Attorneys John Mulcahy and Lindsey Weinstein.  The defendant, Alan Joseph, is *pro se,* that is, he is representing himself.

The defendant has been charged by the government with violations of federal law.  In Counts One though Four, the defendant is charged with money laundering, in violation of 18 U.S.C. § 1956(a)(3).  In Count Five the defendant is charged with the Operation of an Unlicensed Money Transmitting Business, in violation of 18 U.S.C. § 1960.

The charges against the defendant are contained in an Indictment.  The Indictment is simply a description of the charges against the defendant; it is not evidence of anything.  The defendant pleaded not guilty to the charge and denies committing the crime.  He is presumed innocent and may not be found guilty by you unless all of you unanimously find that the government has proven his guilt beyond a reasonable doubt.

[*See* Judge Nancy Torresen's 2019 Revisions to Pattern Criminal Jury Instructions for the District Courts of the First Circuit, District of Maine Internet Site Edition, § 1.02]

## DEFENDANT'S CONSTITUTIONAL RIGHT NOT TO TESTIFY

The defendant has a constitutional right not to testify and no inference of guilt, or of anything else, may be drawn from the fact that the defendant did not testify. For any of you to draw such an inference would be wrong; indeed, it would be a violation of your oath as a juror.

[See Judge Nancy Torresen's 2019 Revisions to Pattern Criminal Jury Instructions for the District Courts of the First Circuit, District of Maine Internet Site Edition, §3.03]

## WHAT IS EVIDENCE; INFERENCES

The evidence from which you are to decide what the facts are consists of sworn testimony of witnesses, both on direct or cross-examination, regardless of who called the witnesses; the exhibits that have been received into evidence; and any facts to which the lawyers have agreed or stipulated. A stipulation means simply that the government and the defendant accept the truth of a particular proposition or fact. Since there is no disagreement, there is no need for evidence apart from the stipulation. You must accept the stipulation as fact to be given whatever weight you choose.

Although you may consider only the evidence presented in the case, you are not limited in considering that evidence to the bald statements made by the witnesses or contained in the documents. In other words, you are not limited solely to what you see and hear as the witnesses testify. You are permitted to draw from facts that you find to have been proven such reasonable inferences as you believe are justified in the light of common sense and personal experience.

[*See* Judge Nancy Torresen's 2019 Revisions to Pattern Criminal Jury Instructions for the District Courts of the First Circuit, District of Maine Internet Site Edition, §3.04]

# KINDS OF EVIDENCE:
## DIRECT AND CIRCUMSTANTIAL

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of fact, such as testimony of an eyewitness that the witness saw something. Direct evidence is where a witness testifies to what he saw, heard, or observed. In other words, when a witness testifies about what is known to him of his own knowledge by virtue of his own senses—what he sees, hears, touches, or feels—that is called direct evidence. Circumstantial evidence is evidence which tends to prove a disputed fact by proof of other facts. Circumstantial evidence is indirect evidence, that is proof of a fact or facts from which you could draw the inference, by reason and common sense, that another fact exists, even though it has not been proven directly.

You are entitled to consider both kids of evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

There is a simple example of circumstantial evidence which is often used in this courthouse. Assume that when you came into the courthouse this morning the sun was shining and it was a nice day. Assume that later in the day, as you were sitting in the jury room, someone walked in with an umbrella which was dripping wet. Somebody else then walked in with a raincoat which was also dripping wet.

Now, you cannot look outside of the jury room and you cannot see whether or not it is raining. So you have no direct evidence of that fact. But, on the combination of facts which I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining. Inferences are deductions or conclusions which reason and common sense lead you to draw from the facts as established by the evidence.

That is all there is to circumstantial evidence. You infer on the basis of reason and experience and common sense from an established fact the existence or the nonexistence of some other fact.

Circumstantial evidence is of no less value that direct evidence; for, it is a general rule that the law makes no distinction between direct and circumstantial evidence, but simply requires that before convicting a defendant, the jury must be satisfied of the defendant's guilt beyond a reasonable doubt from all of the evidence in this case. In reaching your verdict, it is permissible to draw and rely upon inferences from the evidence.

[*See* Judge Nancy Torresen's 2019 Revisions to Pattern Criminal Jury Instructions for the District Courts of the First Circuit, District of Maine Internet Site Edition, §3.05; and L.B. Sand, Modern Federal Jury Instruction: Criminal ¶ 5-2 (1990)]

# WHAT IS NOT EVIDENCE

Certain things are not evidence. I will list them for you:

1.     Arguments and statements by lawyers are not evidence. The lawyers are not witnesses.  What they say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them from the evidence differ from the way the lawyers have stated them, your memory of them controls.

2.     Questions and objections by lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by my ruling on it.

3.     Anything that I have excluded from evidence or ordered stricken and instructed you to disregard is not evidence. You must not consider such items.

4.     Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at trial.

5.     The indictment is not evidence. This case, like most criminal cases, began with an indictment.  You will have that indictment before you in the course of your deliberations in the jury room.  That indictment was returned by a grand jury, which heard only the government's side of the case.  I caution you, as I have before, that the fact that the defendant has an indictment filed against him is no evidence whatsoever of his guilt.  The indictment is simply an accusation.  It is the means by which the allegations and charges of the government are brought before this court. The indictment proves nothing.

[*See* Judge Nancy Torresen's 2019 Revisions to Pattern Criminal Jury Instructions for the District Courts of the First Circuit, District of Maine Internet Site Edition, §3.08]

## CREDIBILITY OF WITNESSES

Whether the government has sustained its burden of proof does not depend upon the number of witnesses it has called or upon the number of exhibits it has offered, but instead upon the nature and quality of the evidence presented. You do not have to accept the testimony of any witness if you find the witness not credible. You must decide which witnesses to believe and which facts are true. To do this, you must look at all the evidence, drawing upon your common sense and personal experience.

You may want to take into consideration such factors as the witnesses' conduct and demeaner while testifying; their apparent fairness or any bias they may have displayed; any interest you may discern that they may have in the outcome of the case; any prejudice they may have shown; their opportunities for seeing and knowing the things about which they have testified; the reasonableness or unreasonableness of the events that they have related to you in their testimony; and any other facts or circumstances disclosed by the evidence that tend to corroborate or contradict their versions of the events.

[*See* Judge Nancy Torresen's 2019 Revisions to Pattern Criminal Jury Instructions for the District Courts of the First Circuit, District of Maine Internet Site Edition, §3.06]

## CAUTIONARY AND LIMITING INSTRUCTIONS AS TO
## PARTICULAR KINDS OF EVIDENCE

A particular item of evidence is sometimes received for a limited purpose only. That is, it can be used by you only for one particular purpose, and not fore any other purpose. I have told you when that occurred, and instructed you on the purpose for which the item can and cannot be used.

[*See* Judge Nancy Torresen's 2019 Revisions to Pattern Criminal Jury Instructions for the District Courts of the First Circuit, District of Maine Internet Site Edition, §3.07]

# "ON OR ABOUT" – EXPLAINED

The Indictment charges that the offense alleged was committed "on or about" certain dates. Although it is necessary for the government to prove beyond a reasonable doubt that the offense was committed on a date reasonably near the dates alleged in the Indictment, it is not necessary for the government to prove that the offense was committed precisely on the dates charged.

[Adapted from Devitt, Blackmar, Wolff, and O'Malley, <u>Federal Jury Practice and Instructions</u>, § 13.05 (4th Ed. 1992)]

## COUNTS ONE THROUGH FOUR

Counts One through Four charge that the defendant conducted and attempted to conduct financial transactions involving property represented to be the proceeds of specified unlawful activity and property used to conduct and facilitate specified unlawful activity, that is, trafficking in counterfeit goods and services, with the intent to promote the carrying on of the specified unlawful activity and with the intent to conceal and disguise the nature, location, source, ownership, and control of property believed to be the proceeds of the specified unlawful activity.

# ELEMENTS OF MONEY LAUNDERING

For you to find the defendant guilty of the crime, the government must prove beyond a reasonable doubt each of the elements of this offense.

<u>One</u>: that the defendant conducted a financial transaction.

<u>Two</u>: that the property involved in the financial transaction was represented to be the proceeds of a specified unlawful activity, that is trafficking in counterfeit goods, or used to conduct or facilitate such specified unlawful activity, again, that is trafficking in counterfeit goods.

<u>Third</u>: that the defendant had the intent to promote the carrying on of the specified unlawful activity or to conceal or disguise the nature, location, source, ownership, and control of property believed to be the proceeds of the specified unlawful activity.

[*See United States v. Castellini*, 392 F.3d 35, 44-45 (1st Cir. 2004); *United States v. Dino Dunkley*, 2015 WL 9900993 (D. Mass. 2015)].

## CONDUCTING A FINANCIAL TRANSACTION

As I explained to you, to prove the money laundering offense, the first element the government must prove beyond a reasonable doubt is that he defendant conducted a financial transaction.

The term "conducts" includes initiating, concluding, or participating in initiating or concluding a transaction.

A "transaction" includes a purchase, sale, loan, pledge, gift, transfer, delivery, or any other disposition of money or other property, including Bitcoin.

A "financial transaction" is a transaction that either involves a "financial institution" which engages in, or the activities of which affect, interstate or foreign commerce in any way or degree; or a transaction which in any way or degree affects interstate or foreign commerce and involves the movement of funds, including cash or Bitcoin.

"Financial institution" for purposes of the money laundering statutes is defined very broadly to include, a business engaged in the exchange of currency, funds, or value, that substitute for currency or funds; or any person who engages as a business in the transmission of currency, funds, or value that substitutes for currency, including any person who engages as a business in an informal money transfer system.

[*See United States v. Castellini*, 392 F.3d 35, 44-45 (1st Cir. 2004); *United States v. Dino Dunkley*, 2015 WL 9900993 (D. Mass. 2015); Mod. Crim. Jury Instr. 3d Cir. 6.18.1956-6 (West 2014) (unanimity on the purpose)].


Law Regarding Bitcoin as a form of "property" or "funds":

[*United States v. Ulbricht*, 31 F. Supp. 3d 540, 570 (S.D.N.Y. 2014) ("Bitcoins can be either used directly to pay for certain things or can act as a medium of exchange and be converted into a currency which can pay for things. . . . Indeed, the only value for Bitcoin lies in its ability to pay for things . . . . Sellers using Silk Road are not alleged to have given their narcotics and malicious software away for free—they are alleged to have sold them. . . . One can money

launder using Bitcoin."); *United States v. Budovsky*, 2015 WL 5602853, at *13-15 (S.D.N.Y. Sept. 23, 2015) ("Next, Budovsky appears to argue that virtual currencies cannot be included within the term 'funds.' This precise argument was rejected recently in a case applying § 1956 to the owner and operator of the website Silk Road, a marketplace for illegal drugs that used the virtual currency Bitcoin. . . . The *Ulbricht* court's reasoning is adopted here."); *United States v. Ologeanu*, 2020 WL 1676802, at *10-11 (E.D. Ky. Apr. 4, 2020) (collecting cases and concluding that "the federal district courts have unanimously and univocally concluded that Bitcoin constitutes 'money' and 'funds'") (internal quotations and alterations omitted)].

**REPRESENTATION THAT THE PROPERTY INVOLVED IN THE FINANCIAL TRANSACTION WAS THE PROCEEDS OF SPECIFIED UNLAWFUL ACTIVITY OR THE PROPERTY USED TO CONDUCT OR FACILITATE UNLAWFUL ACTIVITY**

As I mentioned before, the second element of the money laundering offense the government must prove beyond a reasonable doubt is that the property involved in the financial transaction was represented to be the proceeds of specified unlawful activity or was represented be the property used to conduct or facilitate the specified unlawful activity.

To satisfy this element, the government must prove that the defendant believed that the property involved in the transaction represented proceeds from, or was used to conduct or facilitate a specified unlawful activity, in this case, trafficking in counterfeit goods.

"Proceeds" means anything of value that someone acquires or retains as a result of the commission of the specified unlawful activity, that is, in this case, trafficking in counterfeit goods.

A "transaction" involves the proceeds of specified unlawful activity if any of the property involved in the transactions is proceeds.

The phrase "represented to be the proceeds from, or used to conduct or facilitate  a specified unlawful activity," in this case, trafficking in counterfeit goods, means any representation made by a law enforcement officer or by another person at the direction of, or with the approval of, a Federal official authorized to investigate or prosecute violations of this statute.  I am instructing you as a matter of law that agents from the Homeland Security Investigations, Federal Bureau of Investigation and United States Postal Service Inspection Service are authorized to investigate or prosecute violations of the money laundering statute.

In addition, the defendant need not know exactly what crime generated the funds involved in a transaction, only that the funds are proceeds of some kind of crime that is a felony

under Federal or State law.  Similarly, the government is not required to prove the underlying

unlawful activity, that is trafficking in counterfeit goods, in order for the defendant to be guilty

of money laundering.

In this case, the money was not in fact money derived from trafficking in counterfeit

goods, but was represented to be as such to the defendant. You need not determine that the

proceeds were in fact proceeds from trafficking in counterfeit goods; you need only determine

that the defendant believed the proceeds to be derived from trafficking in counterfeit goods or

used to conduct or facilitate trafficking in counterfeit goods.

[*See* Pattern Criminal Jury Instructions for the District Courts of the First Circuit (Judge D. Brock Hornby's 2011 Revisions), Instruction No. 4.18.1956; *See United States v. Castellini*, 392 F.3d 35, 44-45 (1st Cir. 2004); *United States v. Dino Dunkley*, 2015 WL 9900993 (D. Mass. 2015)].

## PROMOTION AND CONCEALMENT

Finally, the third element the government must prove beyond a reasonable doubt for the money laundering offense is that the defendant had the intent to promote the carrying on the specified unlawful activity, that is trafficking in counterfeit goods, or to conceal or disguised the nature, location, source, ownership, or control of property he believed to be the proceeds of trafficking in counterfeit goods.

The government is not required to prove each of the purposes, promotion and concealment. It is sufficient for the government to prove, beyond a reasonable doubt, that the defendant committed each transaction for one of those purposes. However, each of you must agree with each of the other jurors as to which purpose or purposes the defendant intended to serve by engaging in the transaction. In other words, if you unanimously agree that the defendant committed the alleged transaction to promote the carrying on of trafficking in counterfeit goods or if you unanimously agree that the defendant committed the alleged transaction to conceal or disguise the nature, location, source, ownership or control of the proceeds of trafficking in counterfeit goods, or both, you may find the defendant guilty. You need not unanimously agree on each purpose, but, in order to convict, must unanimously agree upon at least one such purpose.

[*See* Mod. Crim. Jury Instr. 3rd Cir. 6.18.1956-6 (West 2014) (unanimity on the purpose)].

## COUNT FIVE

In Count Five, the defendant is charged with Operating an Unlicensed Money Transmission Business.

# ELEMENTS OF OPERATING AN
## UNLICENSED MONEY TRANSMISSION BUSINESS

To prove Operating an Unlicensed Money Transmitting Business, the government must prove beyond a reasonable doubt each of the elements of this offense. The elements of Operating an Unlicensed Money Transmitting Business are:

First, that the defendant's business was an unlicensed money transmitting business. I will explain what an unlicensed money transmitting business is in a moment.

Second, that the defendant knowingly controlled, conducted, managed, supervised, directed, or owned that business. The government is not required to prove that the defendant did all of the things in this list, but only that he did one of them.

Third, that the money transmitting business affected interstate or foreign commerce.

[*See* 18 § U.S.C. 1960, 3 Modern Federal Jury Instructions – Criminal 50A-33]


Now I am going to give you some more specific instructions as to Elements One and Three.

## FIRST ELEMENT – UNLICENSED MONEY TRANSMITTING BUSINESS

The first element the government must prove beyond a reasonable doubt is that the defendant operated an unlicensed money transmitting business.

A "business" is a commercial enterprise that is regularly carried on for profit. Thus, a single isolated transmitting of money is not a business under this definition.

A "money transmitting business" includes a business or person engaged in the transmission of currency, funds, or value that substitutes for currency, including any person who engages as a business in an informal money transfer system.

An "unlicensed money transmitting business" means a money transmitting business that satisfies any one of the following two elements. You can find the defendant guilty of this count if you find just one of these elements was satisfied; you do not need find both to be satisfied for the defendant to be guilty:

(1) The money transmitting business failed to comply with the money transmitting business registration requirements under federal law; or

(2) The money transmitting business involved the transportation or transmission of funds that are known to the defendant to have been derived from a criminal offense, or are intended to be used to promote or support unlawful activity.

For purposes of this instruction, under federal law, the Title 31, United States Code, Section 5330, any person who owns or controls a money transmitting business must register the business with the United States Secretary of the Treasury within 180 days from the date on which the business was established.

Further, for purposes of this instruction, to satisfy the element that the money transmitting business involved the transportation or transmission of funds that are known to the

defendant to have been derived from a criminal offense, or are intended to be used to promote or support unlawful activity, any "criminal offense" or "unlawful activity" is sufficient. The government is not limited to proving that the funds were derived from or intended to promote a specific criminal offense.

Further for purposes of this instruction, the term "funds" includes Bitcoin.

[*See* 18 § U.S.C. 1960, 3 Modern Federal Jury Instructions – Criminal 50A-34, *United States v. Talebnejad*, 460 F.3d 563, 567 n.2 (4th Cir. 2006) ("For purposes of this appeal, we accept the Government's contention that § 1960 sets forth one offense—conducting an unlicensed money transmitting business—that may be committed in multiple ways."); *United States v. Coughlin*, 610 F.3d 89, 107 n.10 (D.C. Cir. 2010) ("Indeed, under Circuit precedent, the correct method of pleading alternative means of committing a single crime is to allege the means in the conjunctive.") (internal quotations and alterations omitted); Pattern Jury Instructions for Federal Criminal Cases, District of South Carolina (2020 online ed.), at 360]

[*United States v. Ulbricht*, 31 F. Supp. 3d 540, 570 (S.D.N.Y. 2014) ("Bitcoins can be either used directly to pay for certain things or can act as a medium of exchange and be converted into a currency which can pay for things. . . . Indeed, the only value for Bitcoin lies in its ability to pay for things . . . . Sellers using Silk Road are not alleged to have given their narcotics and malicious software away for free—they are alleged to have sold them. . . . One can money launder using Bitcoin."); *United States v. Budovsky*, 2015 WL 5602853, at *13-15 (S.D.N.Y. Sept. 23, 2015) ("Next, Budovsky appears to argue that virtual currencies cannot be included within the term 'funds.' This precise argument was rejected recently in a case applying § 1956 to the owner and operator of the website Silk Road, a marketplace for illegal drugs that used the virtual currency Bitcoin. . . . The *Ulbricht* court's reasoning is adopted here."); *United States v. Ologeanu*, 2020 WL 1676802, at *10-11 (E.D. Ky. Apr. 4, 2020) (collecting cases and concluding that "the federal district courts have unanimously and univocally concluded that Bitcoin constitutes 'money' and 'funds'") (internal quotations and alterations omitted)].

**THIRD ELEMENT – INTERSTATE OR FOREIGN COMMERCE**

The third element the government must establish beyond a reasonable doubt is that the money transmitting business affected interstate or foreign commerce.

Interstate or foreign commerce simply means the movement of goods, services, money and individuals between states or between the United States and a foreign state or nation.

The government must prove that the money transmitting business affected interstate or foreign commerce in any manner, no matter how minimal.

[*See* 18 § U.S.C. 1960, 3 Modern Federal Jury Instructions – Criminal 50A-36]

# MISTAKE OF LAW

In criminal cases, a mistake of law on the part of the accused does not justify his actions. It a defendant deliberately and intentionally engages in conduct the law prohibits, his actions are criminal, regardless of his belief that his actions were lawful or guided by high motive. To summarize, ignorance of the law does not negate a defendant's criminal liability, if the government proves the elements of the offense beyond a reasonable doubt.

[*See United States v. Juvenal Ovidio Ricardo Palmera Pineda*, D.D.C. No. 04-cr-232 (RCL), ECF No. 324, at 22-23; *see also Bryan v. United States*, 524 U.S. 184, 193 (1998) (to act "knowingly" is to act with "knowledge of the facts that constitute the offense" but not necessarily with knowledge that the facts amount to illegal conduct, unless the statute indicates otherwise.); *Ratzlaf v. United States*, 510 U.S. 135, 149 (1994) (referring to "the venerable principle that ignorance of the law generally is no defense to a criminal charge."); *Cheek v. United States*, 498 U.S. 192, 199 (1991) (ignorance of the law is not a defense to its violation); *United States v. Baker*, 546 F.2d 940, 944 (1976) ("It is settled law that a conviction under this section requires proof that the offender acted with a 'specific intent' to interfere with the federal rights in question. This does not mean that he must have acted with the subjective awareness that his action was unlawful. It is enough that he intentionally performed acts which, under the circumstances of the case, would have been clearly in violation of federal law, absent any other defense.")].

# WILLFUL BLINDNESS

In deciding whether defendant acted knowingly, you may infer that the defendant had knowledge of a fact if you find that he deliberately closed his eyes to a fact that otherwise would have been obvious to him. In order to infer knowledge, you must find that two things have been established. First, that defendant was aware of a high probability of a fact. Second, that defendant consciously and deliberately avoided learning of that fact. That is to say, defendant willfully made himself blind to that fact. It is entirely up to you to determine whether he deliberately closed his eyes to the fact and, if so, what inference, if any, should be drawn. However, it is important to bear in mind that mere negligence, recklessness or mistake in failing to learn the fact is not sufficient. There must be a deliberate effort to remain ignorant of the fact.

[*See* Judge Nancy Torrsen's 2019 Revisions to Pattern Criminal Jury Instructions for the District Courts of the First Circuit, District of Maine Internet Site Edition, § 2.16]

## ***PRO SE*** **DEFENDANT**

The defendant has decided to represent himself in this trial and not to use the services of a lawyer.  He has a constitutional right to do that. His decision has no bearing on whether he is guilty or not guilty, and it must not affect your consideration of the case.

Because the defendant decided to act as his own lawyer, you heard him speak at various times during the trial. [He made an opening statement and closing argument. ] He asked questions of witnesses, made objections, and argued to the court. I want to remind you that when the defendant spoke in these parts of the trial he was acting as a lawyer in the case, and his words were not evidence. The only evidence in this case comes from witnesses who testify under oath on the witness stand and from exhibits that are admitted.

[Adopted from the Third Circuit Model Instruction]

## SUBMITTING THE INDICTMENT

I am sending a copy of the Indictment into the jury room for you to have during your deliberations. You may use it to read the crime which the defendant is charged with committing. You are reminded, however, that the Indictment is merely an accusation and is not to be used by you as any proof of the conduct charged.

[*See* L.B. Sand, <u>Modern Federal Jury Instructions: Criminal</u>, ¶ 9-4 (1990)]

# PUNISHMENT

The question of possible punishment of the defendant is of no concern to the jury and should not, in any sense, enter into or influence your deliberations. The duty of imposing sentence rests exclusively upon the court. Your function is to weigh the evidence in the case and to determine whether or not the defendant is guilty beyond a reasonable doubt, solely upon the basis of such evidence. Under your oath as jurors, you cannot allow a consideration of the punishment which may be imposed upon the defendant, if he is convicted, to influence your verdict, in any way, or, in any sense, enter into your deliberations.

[*See* L.B. Sand, <u>Modern Federal Jury Instructions: Criminal</u>, ¶ 9-4 (1990); <u>Shannon v. United States</u>, 512 U.S. 573, 579 (1994)("[P]roviding jurors sentencing information invites them to ponder matters that are not within their province, distracts them from their factfinding responsibilities, and creates a strong possibility of confusion"); <u>Rogers v. United States</u>, 422 U.S. 35, 40 (1975) (explaining that jury should have been admonished that it "had no sentencing function and should reach its verdict withough regard to what sentence might be imposed").

## PREPARING WITNESSES

Some mention has been made of the lawyers having prepared witnesses to testify. There is nothing wrong with a lawyer preparing a witness to testify. If the lawyers did not do some preparation, this case would be much longer than it has been. It is to be expected that when a lawyer puts a witness on the stand for direct examination, the lawyer will have met with the witness and know what the answers are going to be most of the time, that is, assuming the witness is willing to talk to the lawyer ahead of time. The fact that a witness met with a lawyer prior to that witness testifying before you, standing alone, should not usually cause you to discredit the testimony of that witness. You may, however, consider the fact that a witness was willing to meet, or not meet, with one side or the other, prior to this case, in evaluating the witness's testimony. You may also consider whether any such meeting did, in fact, influence the witness's testimony.

[*See* United States v. Richard Rosario, No. 16-cr-30044-MGM, Dkt # 1193 at 18 (D. Mass. February 10, 2020)].

## FOREPERSON'S ROLE; UNANIMITY

I come now to the last part of the instructions, the rules for your deliberations. When you retire you will discuss the case with the other jurors to reach agreement if you can do so. You shall permit your foreperson to preside over your deliberations, and your foreperson will speak for you here in court. Your verdict must be unanimous.

[*See* Judge Nancy Torrsen's 2019 Revisions to Pattern Criminal Jury Instructions for the District Courts of the First Circuit, District of Maine Internet Site Edition, § 6.01]

# COMMUNICATION WITH THE COURT

If it becomes necessary during your deliverations to communicate with me, you may send a note through the jury officer signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me on anything concerning the case except by signed writing and I will communicate with any member of the jury on anything concerning the case in writing, or orally here in open court. If you send out a question, I will consult with the parties as promptly as possible before answering it, which may take some time. You may continue with your deliberations while waiting for the answer to any question. Remember that you are not allowed to tell anyone – including me – how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.

[*See* Judge Nancy Torresen's 2019 Revisions to Pattern Criminal Jury Instructions for the District Courts of the First Circuit, District of Maine Internet Site Edition, § 6.05]

## CONSIDERATION OF EVIDENCE

Your verdict must be based solely on the evidence and on the law as I have given it to you in these instructions. However, nothing that I have said or done is intended to suggest what your verdict should be – that is entirely for you to decide.

[*See* Judge Nancy Torresen's 2019 Revisions to Pattern Criminal Jury Instructions for the District Courts of the First Circuit, District of Maine Internet Site Edition, § 6.02]

# REACHING AGREEMENT

Each of you must decide the case for yourself, but you should do so only after considering all the evidence, discussing it fully with the other jurors, and listening to the views of the other jurors.

Do not be afraid to change your opinion if you think you are wrong. But do not come to a decision simply because other jurors think it is right.

This case has taken time and effort to prepare and try. There is no reason to think it could be better tried or that another jury is better qualified to decide it. It is important therefore that you reach a verdict if you can do so conscientiously. If it looks at some point as if you may have difficulty reaching a unanimous verdict, and if the greater number of you are agreed on a verdict, the jurors in both the majority and the minority should reexamine their positions to see whether they have given careful consideration and sufficient weight to the evidence that has favorably impressed the jurors who disagree with them. You should not hesitate to reconsider your views from time to time and to change them if you are persuaded that it is appropriate.

It is important that you attempt to return a verdict, but of course, only if each of you can do so after having made your own conscientious determination. Do not surrender an honest conviction as to the weight and effect of the evidence simply to reach a verdict.

[*See* Judge Nancy Torresen's 2019 Revisions to Pattern Criminal Jury Instructions for the District Courts of the First Circuit, District of Maine Internet Site Edition, § 6.02]

## RETURN OF VERDICT FORM

I want to read to you now what is called the verdict form. This is simply the written notice of the decision you will reach in the case.

[Read verdict form.]

After you have reached a unanimous agreement on a verdict, your foreperson will fill in the form that has been given to you, sign and date it, and advise the jury officer outside your door that you are ready to return to the courtroom.

After you return to the courtroom, your foreperson will deliver the completed verdict form as directed in open court.

[*See* Judge Nancy Torresen's 2019 Revisions to Pattern Criminal Jury Instructions for the District Courts of the First Circuit, District of Maine Internet Site Edition, § 6.04]

CERTIFICATE OF SERVICE

This is to certify that I have served counsel of record for the Defendants a copy of the foregoing document by ECF.

*/s/ John T. Mulcahy*
John T. Mulcahy
Assistant U.S. Attorney

Dated: May 20, 2022