UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )  Docket No. 4:21-cr-40010-MRG<br>)<br>ALAN JOSEPH ) | |

## DEFENDANT'S PROPOSED JURY INSTRUCTIONS

Now comes the Defendant in the above-captioned matter, Alan Joseph, and proposes the following non-standard jury instructions.

Respectfully Submitted,
ALAN JOSEPH,
By His Attorneys,

/s/ *Darren T. Griffis*
Darren T. Griffis, Esq., BBO #675627
Angela J. Cavanaugh, Esq., BBO #696058
Rudolf, Smith, Griffis & Ruggieri, LLP
446 Main Street, Suite 1503
Worcester, MA 01608
Tel: (508) 425-6330
griffis@rudolfsmith.com
cavanaugh@rudolfsmith.com

Date: November 1, 2024

## CERTIFICATE OF SERVICE

I hereby certify that I served a copy of the within document by way of the ECF system, which was sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on the 1st day of November, 2024.

/s/ *Darren T. Griffis*
Darren T. Griffis

**Court's Instruction No. _____**

**DEFINITION OF THE ALLEGED CRIME**

**COUNTS 1-4
MONEY LAUNDERING**

(A) Counts 1-4 of the indictment charges the defendant with money laundering in violation of 18 U.S.C. § 1956(a)(3). For you to find the defendant guilty of these crimes, you must be convinced that the government proved each and every one of the following elements beyond a reasonable doubt:

  (1) First, that the defendant conducted or attempted to conduct a financial transaction;

  (2) Second, that the property or funds used in the financial transaction were represented to be the proceeds of specified unlawful activity or proceeds used to conduct or facilitate specified unlawful activity;

  (3) Third, that the Defendant believed that the financial transaction involved the proceeds of a specified unlawful activity; and

  (4) Fourth, that the Defendant intended to promote the carrying on of a specified unlawful activity or that he intended to conceal or disguise the nature, location, source, ownership, or control of property that he believed to be the proceeds of specified unlawful activity.

Now I will give you more detailed instructions on these elements:

(B) As to the first element of Counts 1-4, the Government must prove beyond a reasonable doubt that the defendant conducted or attempted to conduct a financial transaction.

  (1) The term "conducts" includes initiating, concluding, or participating in initiating, or concluding a transaction.

  (2) The term "financial transaction" means (A) a transaction which in any way or degree affects interstate or foreign commerce, (i) involving the movement of funds by wire or other means, or (ii) involving one or more monetary instruments, or (iii) involving the transfer of title to any real property, vehicle, vessel, or aircraft, or (B) a transaction involving the use of a financial institution which is engaged in, or the activities of which affect, interstate or foreign commerce in any way or degree.

(C) As to the second element of Counts 1-4, the Government must prove beyond a reasonable doubt that the property or funds used in the financial transaction were represented to be the proceeds of specified unlawful activity or proceeds used to conduct or facilitate specified unlawful activity.

(1) The term "represented to be the proceeds of specified unlawful activity or proceeds used to conduct or facilitate specified unlawful activity" means that the law enforcement officer or other authorized person must make the defendant aware of circumstances from which a reasonable person possessing the knowledge that the defendant possessed would infer that the proceeds were the result of specific unlawful activity.

(D) As to the third element of Counts 1-4, the Government must prove beyond a reasonable doubt that the Defendant believed that the financial transaction involved the proceeds of a specified unlawful activity.

(1) "Belief" is properly understood to be a part of knowledge since genuine knowledge consists of true belief that is to some extent externally justified. The defendant must "know" of the crime in the sense that he is aware that the law enforcement officer or other authorized person's acts are indicative of illegal behavior. If the Defendant did not believe that the property involved in the transaction was the proceeds of an unlawful activity, then he lacks a specific aspect of knowledge necessary to be convicted of this offense.

(E) As to the fourth element of Counts 1-4, the Government must prove beyond a reasonable doubt that the Defendant intended to promote the carrying on of a specified unlawful activity or that he intended to conceal or disguise the nature, location, source, ownership, or control of property that he believed to be the proceeds of specified unlawful activity.

(1) The Government must prove, beyond a reasonable doubt, that the Defendant committed each transaction for one of those purposes – either to promote specified unlawful activity or to conceal or disguise the nature, location, source, ownership or control of property.

(2) Each of you must agree with the each of the other jurors about which purpose or purposes the Defendant intended to serve by engaging in the transaction. So you must unanimously agree that the Defendant either: (a) committed the alleged transaction to promote the carrying on of the specified unlawful activity, <u>or</u> (b) that he committed the alleged transaction to conceal or disguise the nature, location, source, ownership, or control of property that he believed to be the proceeds of specified unlawful activity in order find the Defendant guilty.

(3) You must consider each of Counts 1-4 separately. Your decision on any one charge, whether it is guilty or not guilty, should not influence your decision on the other charges.

(4) As to each charge, if you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on that charge. If you have reasonable doubt about any one of these elements, then you must find the defendant not guilty of that charge.

## **AUTHORITY**

*United States v. Nektalov*, 461 F.3d 309 (2d Cir. 2006)

*United States v. Castellini*, 392 F.3d 35, 46 (1st Cir. 2004)

*United States v. Starke,* 62 F.3d 1374 (11th Cir. 1995)

*United States v. Kaufmann*, 985 F.2d 884 (7th Cir. 1993)

**Court's Instruction No. \_\_\_\_\_**

**DEFINITION OF THE ALLEGED CRIME**

**COUNT 5**
**OPERATING AN UNLICENSED MONEY TRANSMITTING BUSINESS**

(A)   Count 5 of the indictment charges the defendant with operating an unlicensed money transmitting business. For you to find the defendant guilty of this offense, you must find that the government has proved beyond a reasonable doubt:

   (1)   That the defendant knowingly conducted, controlled, managed, supervised, directed, or owned all or part of an unlicensed money transmitting business.

(B)   Now I will give you more detailed instructions on some of these terms:

   (1)   Before you may find the defendant guilty of this offense, the government must prove beyond a reasonable doubt that he, in fact, operated an "unlicensed money transmitting business."

   (2)   A "money transmitting business" means any business other than the United States Postal Service that:

      (a) provides check cashing, currency exchange, or money transmitting or remittance services, or issues or redeems money orders, travelers' checks, and other similar instruments or any other person who engages as a business in the transmission of currency, funds, or value that substitutes for currency, including any person who engages as a business in an informal money transfer system or any network of people who engage as a business in facilitating the transfer of money domestically or internationally outside of the conventional financial institutions system[.]

   (3)   "Money transmitting" means transferring funds, on behalf of the public, by any and all means including but not limited to transfers within this country or to locations abroad by wire, check, draft, facsimile, or courier.

      (a) Thus, a money transmitting transaction involves the acceptance of funds from one person and the transfer of those funds to another location or person.

   (4)   A money transmitting business is an "unlicensed money transmitting business" for purposes of this offense only if it—

      (a) Affects interstate or foreign commerce in any manner or degree, <u>and</u>

      (b) fails to comply with the money transmitting business registration requirements under 18 U.S.C. §5330, or the regulations prescribed under that section; <u>or</u>

      (c) otherwise involves the transportation or transmission of funds that the defendant knows have either been derived from a criminal offense or are intended to be used to promote or support unlawful activity.

(5) The government is also required to prove beyond a reasonable doubt that the defendant "conducted, controlled, managed, supervised, directed, or owned" such a business "knowingly."

    (a) To prove that the defendant acted "knowingly," the government must prove both that:

        a. The defendant knew that the business was engaged in money transmitting, as defined by the applicable statutes and regulations, and

        b. The defendant knew that the business was unlicensed.

(A) As to this charge, if you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on that charge. If you have reasonable doubt about any one of these elements, then you must find the defendant not guilty of that charge.

## **AUTHORITY**

*United States v. Harmon*, 474 F.Supp.3d 76 (D.D.C. 2020)

*United States v. Elfgeeh*, 515 F.3d 100 (2d Cir. 2008)

18 U.S.C. § 5330

**Court's Instruction No. \_\_\_\_**

**VERDICT FORM**

(1)    I have prepared a verdict form that you should use to record your verdict.

(2)    If you decide that the government has proved the charge against the defendant beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form. If you decide that the government has not proved the charge against him beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form. Your foreperson should then sign the form, put the date on it, and return it to me.

(3)    The form reads as follows: