UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) ) ) ) |
| v. | ) )  Docket No. 4:21-cr-40010-MRG ) |
| ALAN JOSEPH | ) ) ) |

**DEFENDANT'S OPPOSITION TO GOVERNMENT MOTION TO EXCLUDE
INTRODUCTION OF DEFENDANT'S STATEMENTS AT TRIAL**

Now comes the Defendant in the above-captioned matter and opposes the portion of the Government's motion *in limine* to preclude him from eliciting statements made by the Defendant to witnesses the Government intends to call at trial. The Defendant anticipates that the Government will be calling witnesses, including undercover agents and others, from whom it will elicit certain statements allegedly made by the Defendant. To the extent that any of the Defendant's statements elicited by the Government would provide an incomplete and/or inaccurate account of the Defendant's portion of a conversation or if the partial introduction of a conversation would lead to a misunderstanding of the meaning of what he said, the Defendant must be allowed to rebut that evidence with the full text and context of his statements. This is a fundamental principle of evidence under the doctrine of completeness. That doctrine "operates to ensure fairness where a misunderstanding or distortion created by the other party can only be averted by the introduction of the full text of the out-of-court statement." *United States v. Simonelli*, 237 F.3d 19, 28 (1st Cir. 2001) (quoting *United States v. Awon*, 135 F.3d 96, 101 (1st Cir. 1998)).

Thus, if the Government elicits partial statements or pieces of conversations between one of its witnesses and the Defendant that do not provide a complete picture of the exchange and may mislead the jury or misrepresent the meaning of his words, the Defendant must be allowed to use cross examination to flesh out the rest of the dialogue to provide the full context of what was said. Precluding the Defendant from eliciting testimony regarding the rest of his conversation with a witness that is specifically targeted at avoiding confusion or preventing misinformation being fed to the jury would be unduly prejudicial and would constitute clear error. For this reason, the Defendant opposes the Government's attempts to foreclose eliciting any out-of-court statements made by the Defendant.

Respectfully Submitted,
ALAN JOSEPH,
By His Attorneys,

/s/ *Darren T. Griffis*
Darren T. Griffis, Esq., BBO #675627
Angela J. Cavanaugh, Esq., BBO #696058
Rudolf, Smith, Griffis & Ruggieri, LLP
446 Main Street, Suite 1503
Worcester, MA 01608
Tel: (508) 425-6330
griffis@rudolfsmith.com
cavanaugh@rudolfsmith.com

Date: November 5, 2024

## CERTIFICATE OF SERVICE

I hereby certify that I served a copy of the within document by way of the ECF system, which was sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on the 5th day of November, 2024.

/s/ *Darren T. Griffis*
Darren T. Griffis