UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ALAN JOSEPH<br><br>Defendant | CRIMINAL No. 21-CR-40010-MRG |

**OPPOSITION TO DEFENDANT'S MOTION TO EXCLUDE
TESTIMONY OF GOVERNMENT WITNESS AS IRRELEVANT
AND AS INADMISIBLE EVIDENCE OF UNCHARGED CONDUCT**

Now comes the United States and hereby opposes Defendant's Motion to Exclude Testimony of Government Witness As Irrelevant and As Inadmissible Evidence of Uncharged Conduct (Docket No. 182). For those stated below, the motion should be denied.

**ARGUMENT**

**A. Witness 1's Testimony Is Admissible Because It Satisfies Rule 402**

First, the defendant's motion should be denied because the witness's ("Witness 1") (the government will not refer to the witness by name herein to protect his privacy) testimony is relevant to the charges in this case. Under Fed. R. Evid. 402, evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."

The government expects that Witness 1 will testify in sum and substance that he previously distributed illegal drugs and he used the defendant to obtain Bitcoin for illegal drugs that Witness 1 distributed. Witness 1 is also expected to testify that he agreed to cooperate with law enforcement to engage in a controlled purchase of Bitcoin which Witness 1 obtained Bitcoin

from the defendant in exchange for $30,000 in cash provided by law enforcement agents. That controlled purchase occurred on May 31, 2019 in Leominster, Massachusetts at the Twin City Shopping Plaza (the same site as the four undercover buys of Bitcoin that underly Counts One-Four of the Indictment). Witness 1 knew the defendant by a pseudonym which the government will prove belongs to the defendant through financial records, telephone records and testimony by law enforcement agents.

This evidence is relevant because the defendant is charged with operating an unlicensed money transmission business in Count Five, in violation of 18 U.S.C. § 1960. The indictment alleges that the defendant operated an illegal money transmitting business between "in or about May 2019 through February 2021." *See* Indictment (Docket No. 25) at 3. The evidence will show that during this period the defendant accepted cash from other individuals and provided Bitcoin to them without registering his business with the Department of Treasury-FinCEN, as he was required to do under the Bank Secrecy Act and related regulations. The testimony of Witness 1 is relevant to this charge because the controlled transaction occurred on May 31, 2019 within the relevant time period of Count Five. Moreover, the facts of that controlled transaction relate directly to the § 1960 charge because Witness 1 provided $30,000 to the defendant and received Bitcoin in exchange less a fee. Therefore, in accordance with Rule 402, these facts "make it more probable" that the defendant was in fact engaged in illegal Bitcoin sales and charging fees for such transactions, which collectively show that he operated an unlicensed money transmitting business. Moreover, these facts are of "consequence" in showing that defendant was an unlicensed money transmitter as they concern the facts that prove the elements of Count 5.

### B. Witness 1's Testimony Shows The Defendant's Intent

Second, this evidence is relevant because it also proves the defendant's intent. The government must prove the defendant's criminal *mens rea* as to both the money laundering counts (Counts One-Four) and the unlicensed money transmitting count (Count Five). More specifically, as to the money laundering counts, the statute provides that the defendant must *intentionally* seek to promote or conceal the relevant specified unlawful activity:

> Whoever, with the intent—
>
> (A) to promote the carrying on of specified unlawful activity;
> (B) to conceal or disguise the nature, location, source, ownership, or control of property believed to be the proceeds of specified unlawful activity; or
> (C) to avoid a transaction reporting requirement under State or Federal law, conducts or attempts to conduct a financial transaction involving property represented to be the proceeds of specified unlawful activity, or property used to conduct or facilitate specified unlawful activity.

*See* 18 U.S.C. §§ 1956(a)(3)(A) and (a)(3)(B).

Meanwhile, as to Count Five, intent is directly at issue because the government must prove "knowing" conduct by the defendant:

> (a) Whoever knowingly conducts, controls, manages, supervises, directs, or owns all or part of an unlicensed money transmitting business, shall be fined in accordance with this title or imprisoned not more than 5 years, or both.

*See* 18 U.S.C. § 1960.

The fact that in May 2019 the defendant was willing to launder money that the defendant believed Witness 1 was using to acquire illegal drugs shows that the defendant acted intentionally here, and not due to mistake or accident.

3

### C. Witness 1 Stopped Dealing Drugs in April 2019, One Month Before the Transaction with the Defendant

Third, the defendant's argument also fails because he gives the wrong impression of when Witness 1 stopped engaging in narcotics trafficking and using the defendant to purchase Bitcoin for drugs. As the defendant is aware through reports provided before November 2024, in April 2019 law enforcement agents intercepted a package of drugs intended for Witness 1 and then approached him. The controlled operation between Witness 1 and the defendant occurred only one month later in May 2019. Therefore, the defendant was dealing drugs merely one month before the controlled purchase. That Witness 1 stopped selling drugs in April 2019 has no bearing on when the government alleges that the defendant operated an unlicensed money transmitting business. Witness 1's conduct is not the subject of trial. The defendant's money laundering and acting as an illegal money transmitting business is the subject of the trial. Because the government has direct evidence of his scheme beginning at least in or about May 2019 (that is, the controlled transaction with Witness 1), testimony of Witness 1 is not just admissible at trial but instead intrinsic to the charged conduct and should be admitted. Moreover, the indictment alleges that the defendant's unlicensed money transmitting business operated from *in or about* May 2019. Therefore, the "in or about" language in the indictment clearly allows for evidence of conduct that happened in April 2019 as that is "in or about" May 2019.

The First Circuit has clearly held that language like "in or about" makes the time period a mere "approximation" and the government is not precluded from bringing in evidence outside the specific dates alleged in the indictment. United States v. Gomez, 255 F.3d 31, 36 (1st Cir. 2001) (" 'On or about' dates, when used in an indictment, are mere approximations. In the ordinary case, neither the prosecution nor the trier of facts is held to temporal precision in regard to such dates. See, e.g., United States v. Escobar-de Jesus, 187 F.3d 148, 168 (1st Cir.1999)

4

(holding that evidence about an act occurring in late March supported proof of a conspiracy alleged to have begun 'on or about' April) . . . United States v. Portela, 167 F.3d at 698 n. 7 (noting that evidence of an act occurring in early April could suffice to prove a crime alleged to have occurred "on or about" March)."). Therefore, because Witness 1's drug dealing arguably ended only one month prior to the date listed in the indictment and the indictment clearly alleges the time period as an approximation, Witness 1's testimony should be admitted.[1]

### D.  The Testimony of Witness 1 Would Still Be Admissible As 404(b) Evidence

Fourth, the defendant's argument that this is Rule 404(b) evidence is erroneous.  As already stated above, this evidence is relevant to the charged conduct because the controlled purchase occurred during the time period of the charge for unlicensed money transmission under Count Five.  Nonetheless, even if this Court determines that the testimony of Witness 1 could be construed as prior bad act evidence, it would be admissible because it goes to the defendant's intent and absence of mistake.  The government can prove that because the defendant knowingly engaged in an unlicensed money transmitting business for the period of May 2019-February 2021 by introducing evidence of Witness 1's transactions with the defendant before May 2019. See United States v. Castro-Ward, 323 F.Supp. 3d 304 (D. Puerto Rico, 2018), citing United States v. Rivera-Sola, 713 F.2d 866, 870 (1st Cir. 1983) ("Evidence that Castro previously smuggled contraband into federal detention facilities demonstrates both that she knowingly possessed contraband, and intended to conceal cellular phones from BOP officials on July 30,

---

[1] The defendant's final argument that the government is attempting some sort of prejudicial variance through the testimony of Witness 1 should be summarily denied by the Court.  There is no variance because the testimony of Witness 1 relates directly to the allegations in the indictment; the government is not attempting to introduce facts at trial completely different from the allegations in the Indictment.  There is no risk that the defendant's due process rights will be harmed here.  Therefore, the variance argument fails.

2016. Because intent is "an essential element of any 'attempt' crime," the United States may prove Castro possessed the requisite intent with circumstantial evidence, including prior bad acts.").

Moreover, the controlled transaction with Witness 1, even viewed through the lens of prior bad act evidence, is relevant to the money laundering counts (Counts One-Four) that occurred between October 200 and February 2021. The government will show that Witness 1's transactions in May 2019 occurred in the same way as the transactions with the undercover from August 2020-February 2021. This corroborating evidence shows that Joseph had the intent to promote the carrying on of unspecified activity as required in § 1956(a)(3). See United States v. Agramonte-Quezada, 30 F.4th 1 (1st Cir. 2022) ("Here, "the proffered evidence was specially relevant" as the defendant maintained that his conduct was accidental or unknowing and "the evidence tended to show the absence of mistake." Id. (upholding admission of a prior bad act as "the testimony was not introduced to prove that the defendant was a predator but, rather, to shed light upon his intent" when he committed the acts charged)."

## CONCLUSION

For those reasons stated above, the government respectfully requests that the Court deny Defendant's Motion to Exclude Testimony of Government Witness As Irrelevant and As Inadmissible Evidence of Uncharged Conduct (Docket No. 182).

Respectfully submitted,

JOSHUA S. LEVY
Acting United States Attorney

By: /s/ John T. Mulcahy
John T. Mulcahy
Lindsey E. Weinstein
Assistant United States Attorneys
617/748-3641

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) .

By: /s/ John T. Mulcahy
John T. Mulcahy
Assistant United States Attorney

Date: November 17, 2024