UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA      ) | |
| ) | |
| v.     ) | Criminal Action |
| ) | No.: 4:21-40010-MRG |
| ALAN JOSEPH,     ) | |
| ) | |
| ) | |
| Defendant.     ) | |

## **ORDER**

The government has moved, pursuant to Fed. R. App. P. 10(e), to supplement the record on appeal by instructing the clerk to docket draft proposed jury instructions that were circulated to counsel by email during trial for discussion at the charge conference. For the reasons set forth below, the assented-to motion will be granted.

Fed. R. App. P. 10(e) provides in relevant part as follows:

> If anything material to either party is omitted from . . . the record by error or accident, the omission . . . may be corrected and a supplemental record may be certified and forwarded . . . by the district court *before or after* the record has been forwarded . . . .

Fed. R. App. P. 10(e) (emphasis added).

For purposes of Fed. R. App. P. 10(a), the "record" includes "'all papers presented to the district court and filed in the record and all papers filed by the district court itself,'" *Toucet v. Mar. Overseas Corp.*, 991 F.2d 5, 9 n.1 (1st Cir. 1993), regardless of whether the items in question "appear on the district court's docket sheet," *United States v. Friedman*, 143 F.3d 18, 21 n.1 (1st Cir. 1998). It also includes documents that were "before the district court" or that "the district court had an opportunity to examine." *Belber v. Lipson*, 905 F.2d 549, 551 n.1 (1st Cir. 1990). Rule 10(e) "'is designed to . . . supplement the record on appeal so that it accurately reflects what

occurred before the district court.'"  *United States v. Rivera-Rosario*, 300 F.3d 1, 9 (1st Cir. 2002)

(quoting *Belber*, 905 F.2d at 551 n.1).

The Court will therefore grant the assented-to motion pursuant to Fed. R. App. P. 10(e).

**SO ORDERED.**

/s/ Margaret R. Guzman
Hon. Margaret R. Guzman
United States District Judge

Dated: June 10, 2026